PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S.A. vs. GEORGE EDWARD CLARK                    Docket Number: 13-cr-00109-MSK-01

**Supplemental Petition for Issuance of Warrant Due to Additional Violations
of Supervised Release**

      COMES NOW, Edward C. Gadden, probation officer of the Court, presenting an official report upon the conduct and attitude of George Edward Clark, who was originally placed on supervision by the Honorable Judge Dale A. Kimball, sitting in the Court in Salt Lake City, Utah, on the 19th day of October, 2011, who fixed the period of supervision at twenty-four (24) months, and imposed the general terms and conditions theretofore adopted by the Court, and also imposed special conditions and terms as follows:

1)   The defendant shall submit to drug/alcohol testing under a copayment plan as directed by the United States Probation Office;

2)   The defendant shall participate in a substance abuse evaluation and/or treatment under a copayment plan as directed by the United States Probation Office.  During the course of treatment, the defendant shall not consume any alcohol nor frequent any establishments where alcohol is the primary item of order;

3)   The defendant shall participate in a mental health treatment program under a copayment plan as directed by the United States Probation Office, take any mental-health medications as prescribed, and not possess or consume alcohol, nor frequent any businesses where alcohol is the primary item of order, during the course of treatment or medication;

4)   The defendant shall submit his person, residence, office, or vehicle to a search, conducted by the U.S. Probation Office, at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premiss may be subject to searches pursuant to this condition;

5)   The defendant shall not have any contact with any member or associate of a criminal street gang/prison gang either in person, by mail, by phone, by third person, or by any other method.

**On January 24, 2013, Judge Kimball ordered the following modification of the conditions of supervised release:**

6)   The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 180 days, to commence as directed by the probation officer, and the defendant shall observe the rules of that facility.  The defendant may be discharged earlier than 180 days by the probation officer if the defendant is determined to be in full compliance with all conditions of supervision.

**On February 27, 2013, Judge Kimball ordered the issuance of a warrant for violations of supervised release.**

**On March 21, 2013, jurisdiction was transferred from the District of Utah to the District of Colorado.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the original Petition and Order for Warrant for Offender Under Supervision, prepared by the District of Utah, under the original Docket Number 2:10-cr-00601-001-DAK, dated February 27, 2013, be supplemented to include additional violations of supervised release.

ORDER OF THE COURT

Considered and ordered this 20th day of June, 2013, and ordered filed and made a part of the record in the above case.

*s/Marcia S. Krieger*

Marcia S. Krieger
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Edward C. Gadden*

Edward C. Gadden
U.S. Probation Officer

Place: Denver, Colorado

Date: June 12, 2013

**ATTACHMENT**

On February 25, 2013, the conditions of supervised release were read and explained to the defendant and on that date he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy. The term of supervised release commenced on January 22, 2013.

The defendant has committed the following additional violations of supervised release:

**3)     POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about February 23, 2013, the defendant used or administered a controlled substance, specifically marijuana, which had not been prescribed to him by a physician. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

A urine sample collected at the Independence House Residential Reentry Center (RRC) on the aforementioned date, tested positive for metabolites of marijuana. When laboratory results were received, the defendant had already absconded from the RRC and was therefore unavailable for questioning about this drug use.

**4)     POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about February 26, 2013, the defendant used or administered a controlled substance, specifically opiates, which had not been prescribed to him by a physician. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

A urine sample collected at the Independence House Residential Reentry Center (RRC) on the aforementioned date, tested positive for metabolites of opiates. Prior to receiving the laboratory results, the defendant had already admitted to RRC staff that he had used heroin while out of the facility on a job search.

**5)     VIOLATION OF THE LAW:**

On April 25, 2013, the defendant appeared in the Fulton County Superior Court, in Atlanta, Georgia, and was adjudicated guilty of the charges of Possession of Marijuana With Intent to Distribute, and Possession of Heroin, in violation of the Official Code of Georgia (O.C.G.A.) 16-13-30-J(1), and 16-13-30(a). These offenses constitute Grade A and B violations of supervised release.

These charges are based on the following facts:

On March 26, 2013, the Roswell, Georgia, Police Department, was asked to assist the U.S. Marshals Service in executing an arrest warrant for the defendant, who had absconded from supervised release in the District of Colorado. Intelligence was received that the defendant had traveled to the Fulton County area for the purpose of

delivering a quantity of marijuana.  On this date, at approximately 4:27 p.m., Deputy U.S. Marshals and Roswell Police Officers entered a residence located at 271 Devonshire Drive.  Inside, the defendant was arrested without incident.  Evidence recovered from within included a Jennings .32 caliber handgun, ammunition, marijuana brownies, a jar of THC oil, various bags containing marijuana, loose marijuana, drug smoking paraphernalia, a "dose" of heroin with a syringe, and an electronic weighing scale.  This matter was filed as Case Number 13CP135871.

On April 25, 2013, Atlanta Judicial Circuit Superior Court Judge Walter Lovett adjudicated the defendant guilty of Possession of Marijuana With Intent to Distribute, and Possession of Heroin, and sentenced him to ten (10) years prison, suspended, and concurrent each count. The defendant was then released to the custody of the U.S. Marshals Service in regards to his federal detainer.