PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S.A. vs. GEORGE EDWARD CLARK                    Docket Number: 13-cr-00109-MSK-01

**Petition for Issuance of Summons Due to Violations of Supervised Release**

COMES NOW, Edward C. Gadden, probation officer of the Court, presenting an official report upon the conduct and attitude of George Edward Clark, who was originally placed on supervision by the Honorable Judge Dale A. Kimball, sitting in the Court in Salt Lake City, Utah, on the 19th day of October, 2011, who fixed the period of supervision at twenty-four (24) months, and imposed the general terms and conditions theretofore adopted by the Court, and also imposed special conditions and terms as follows:

1) The defendant shall submit to drug/alcohol testing under a copayment plan as directed by the United States Probation Office;

2) The defendant shall participate in a substance abuse evaluation and/or treatment under a copayment plan as directed by the United States Probation Office. During the course of treatment, the defendant shall not consume any alcohol nor frequent any establishments where alcohol is the primary item of order;

3) The defendant shall participate in a mental health treatment program under a copayment plan as directed by the United States Probation Office, take any mental-health medications as prescribed, and not possess or consume alcohol, nor frequent any businesses where alcohol is the primary item of order, during the course of treatment or medication;

4) The defendant shall submit his person, residence, office, or vehicle to a search, conducted by the U.S. Probation Office, at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premiss may be subject to searches pursuant to this condition;

5) The defendant shall not have any contact with any member or associate of a criminal street gang/prison gang either in person, by mail, by phone, by third person, or by any other method.

**On January 24, 2013, Judge Kimball ordered the following modification of the conditions of supervised release:**

6) The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 180 days, to commence as directed by the probation officer, and the defendant shall observe the rules of that facility. The defendant may be discharged earlier than 180 days by the probation officer if the defendant is determined to be in full compliance with all conditions of supervision.

**On February 27, 2013, Judge Kimball ordered the issuance of a warrant for violations of supervised release.**

**On March 21, 2013, jurisdiction was transferred from the District of Utah to the District of**

**Colorado.**
**On July 9, 2013, Chief Judge Krieger revoked supervised release and sentenced the defendant to eighteen (18) months imprisonment, to be followed by eighteen (18) months supervised release with the following special conditions:**

1) The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3) The defendant shall reside in a Residential Reentry Center (RRC) for a period of six (6) months, to commence upon release from confinement, and shall observe the rules of that facility.

4) Upon any violation, the defendant is to be brought to Court for a compliance review hearing.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for the defendant to appear at a supervised release violation hearing.

### ORDER OF THE COURT

Considered and ordered this 8th day of October, 2014, and ordered filed and made a part of the record in the above case.

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Edward C. Gadden*
Edward C. Gadden
U.S. Probation Officer

*s/ Marcia S. Krieger*
Marcia S. Krieger
Chief U.S. District Judge

Place: Denver, Colorado
Date: September 30, 2014

## ATTACHMENT

On July 18, 2014, the conditions of supervised release were read and explained to the defendant, and on that date he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy.  The second term of supervised release commenced on July 17, 2014.

The defendant has committed the following violations of his supervised release:

**1)   FAILURE TO COMPLY WITH THE RULES OF THE RESIDENTIAL REENTRY CENTER (RRC):**

On or about September 19, 2014, the defendant violated the rules of the Independence House RRC, 2765 South Federal Boulevard, Denver, Colorado, when he introduced a controlled substance into the facility; specifically, marijuana, and ingested same.  This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On the aforementioned date, at approximately 9:45 a.m., Independence House RRC Director Fred Nelson was conducting a random house count of the facility, when he entered the defendant's room and detected an odor of marijuana.  The defendant was brought to the main office to provide a urine sample for laboratory testing.  Found inside of the defendant's backpack were cigarette rolling papers and a portion of a marijuana cigarette.  The defendant admitted that these prohibited items belonged to him.  The defendant subsequently called me to admit that he was caught smoking marijuana at the RRC.  He stated that he has been "stressed out," and that he "messed up."  Due to the RRC's policy of zero tolerance, it was requested that the defendant be removed from their facility.

**2)   POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about September 19, 2014, the defendant used or administered a controlled substance; specifically, marijuana, which had not been prescribed to him by a physician. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On the aforementioned date, the defendant submitted a urine sample at the Independence House RRC which tested positive for metabolites of marijuana. The defendant admitted to using marijuana.