PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S.A. vs. GEORGE EDWARD CLARK                                   Docket Number: 13-cr-00109-MSK-01

**Supplemental Petition Due to Violations of Supervised Release**

COMES NOW, Edward C. Gadden, probation officer of the Court, presenting an official report upon the conduct and attitude of George Edward Clark, who was originally placed on supervision by the Honorable Judge Dale A. Kimball, sitting in the Court in Salt Lake City, Utah, on the 19th day of October, 2011, who fixed the period of supervision at twenty-four (24) months, and imposed the general terms and conditions theretofore adopted by the Court, and also imposed special conditions and terms as follows:

1) The defendant shall submit to drug/alcohol testing under a copayment plan as directed by the United States Probation Office;

2) The defendant shall participate in a substance abuse evaluation and/or treatment under a copayment plan as directed by the United States Probation Office.  During the course of treatment, the defendant shall not consume any alcohol nor frequent any establishments where alcohol is the primary item of order;

3) The defendant shall participate in a mental health treatment program under a copayment plan as directed by the United States Probation Office, take any mental-health medications as prescribed, and not possess or consume alcohol, nor frequent any businesses where alcohol is the primary item of order, during the course of treatment or medication;

4) The defendant shall submit his person, residence, office, or vehicle to a search, conducted by the U.S. Probation Office, at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premiss may be subject to searches pursuant to this condition;

5) The defendant shall not have any contact with any member or associate of a criminal street gang/prison gang either in person, by mail, by phone, by third person, or by any other method.

**On January 24, 2013, Judge Kimball ordered the following modification of the conditions of supervised release:**

6) The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 180 days, to commence as directed by the probation officer, and the defendant shall observe the rules of that facility. The defendant may be discharged earlier than 180 days by the probation officer if the defendant is determined to be in full compliance with all conditions of supervision.

**On February 27, 2013, Judge Kimball ordered the issuance of a warrant for violations of supervised release.**

**On March 21, 2013, jurisdiction was transferred from the District of Utah to the District of Colorado.**

**On July 9, 2013, Chief Judge Krieger revoked supervised release and sentenced the defendant to eighteen (18) months imprisonment, to be followed by eighteen (18) months supervised release with the following special conditions:**

1) The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3) The defendant shall reside in a Residential Reentry Center (RRC) for a period of six (6) months, to commence upon release from confinement, and shall observe the rules of that facility.

4) Upon any violation, the defendant is to be brought to Court for a compliance review hearing.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the original Petition for Issuance of Summons Due to Violations of Supervised Release [Document 24], docketed October 8, 2014, be supplemented to include additional violations of supervised release.

ORDER OF THE COURT

Considered and ordered this 22nd day of October, 2014, and ordered filed and made a part of the record in the above case.

*s/ Marcia S. Krieger*
Marcia S. Krieger
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Edward C. Gadden*
Edward C. Gadden
U.S. Probation Officer

Place: Denver, Colorado
Date: October 21, 2014

## ATTACHMENT

The defendant has committed the following additional violations of supervised release:

**3)      POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about October 8, 2014, the defendant used or administered a controlled substance; specifically, marijuana, which had not been prescribed to him by a physician. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 8, 2014, the defendant submitted a urine sample at Independence House South which tested positive for metabolites of marijuana. The test results were received October 15, 2014. When questioned by me on October 16, 2014, the defendant admitted to using marijuana following his negative discharge from the residential reentry center on September 29, 2014.

**4)      FAILURE TO PARTICIPATE IN TREATMENT AS DIRECTED:**

On October 20, 2014, the defendant failed to report for drug testing at Independence House South, the testing and treatment program in which the probation officer directed him to participate. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On the aforementioned date, the defendant failed to report for urine testing. When questioned by me on October 21, 2014, he claimed that he was too busy with work and school to go to the testing facility. This is not an excused absence.