PROB 12
(02/05-D/CO)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. GEORGE EDWARD CLARK                    Docket Number: 13-cr-00109-MSK-01

### Second Supplemental Petition for Issuance of Warrant Due to Violations of Supervised Release

COMES NOW, Edward C. Gadden, probation officer of the Court, presenting an official report upon the conduct and attitude of George Edward Clark, who was originally placed on supervision by the Honorable Judge Dale A. Kimball, sitting in the Court in Salt Lake City, Utah, on the 19th day of October, 2011, who fixed the period of supervision at twenty-four (24) months, and imposed the general terms and conditions theretofore adopted by the Court, and also imposed special conditions and terms as follows:

1)      The defendant shall submit to drug/alcohol testing under a copayment plan as directed by the United States Probation Office;

2)      The defendant shall participate in a substance abuse evaluation and/or treatment under a copayment plan as directed by the United States Probation Office.  During the course of treatment, the defendant shall not consume any alcohol nor frequent any establishments where alcohol is the primary item of order;

3)      The defendant shall participate in a mental health treatment program under a copayment plan as directed by the United States Probation Office, take any mental-health medications as prescribed, and not possess or consume alcohol, nor frequent any businesses where alcohol is the primary item of order, during the course of treatment or medication;

4)      The defendant shall submit his person, residence, office, or vehicle to a search, conducted by the U.S. Probation Office, at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premiss may be subject to searches pursuant to this condition;

5)      The defendant shall not have any contact with any member or associate of a criminal street gang/prison gang either in person, by mail, by phone, by third person, or by any other method.

**On March 21, 2013, jurisdiction was transferred from the District of Utah to the District of Colorado.**

**On July 9, 2013, the Court revoked supervised release and sentenced the defendant to eighteen (18) months imprisonment, to be followed by eighteen (18) months supervised release with the following special conditions:**

1)      The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2)      The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3)      The defendant shall reside in a Residential Reentry Center (RRC) for a period of six (6) months, to commence upon release from confinement, and shall observe the rules of that facility.

4)      Upon any violation, the defendant is to be brought to Court for a compliance review hearing.

**On November 6, 2014, the defendant admitted to four (4) violations of supervised release, and the Court ordered that supervised release be continued with sentencing for the violations deferred for a period of four (4) months, with a compliance hearing set for February 23, 2015, at 11:00 a.m.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant due to additional violations of supervised release and that the petition and warrant be sealed until the defendant's arrest.  Subsequent to the arrest of the defendant, it is recommended that the Court consider revocation of supervised release.

As the basis of this request, on November 6, 2014, the defendant admitted to violations of supervised release, with sentencing deferred until February 23, 2015.  He has since committed additional violations of his supervised release.  He walked off his job, was kicked out of his apartment, and failed to notify the Probation Office of either change. The defendant has been noncompliant with drug testing, and has admitted to using drugs.  His mother and his girlfriend have both expressed concern that the defendant may be depressed and suicidal.  Of greatest concern is that his current whereabouts are unknown.  For all these reasons, a warrant is requested.

### ORDER OF THE COURT

Considered and ordered this 26th day of December, 2014, and ordered filed under seal and made a part of the record in the above case.

*s/ Marcia S. Krieger*
_____
Marcia S. Krieger
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

**s/Edward C. Gadden**
_____
Edward C. Gadden
U.S. Probation Officer

Place: Denver, Colorado

Date: December 23, 2014

**ATTACHMENT**

The second term of supervised release in this case commenced on July 17, 2014.  On July 18, 2014, the conditions of supervised release were read and explained to the defendant, and on that date he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy.

On November 6, 2014, the defendant admitted to violations of supervised release, with sentencing on the violations deferred until February 23, 2015.

The defendant has since committed the following additional violations of his supervised release:

**5)      FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED:**

On November 17, 2014, the defendant failed to comply with drug testing at Independence House East, the drug program in which the probation officer directed him to participate, which  constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On November 17, 2014, the defendant spent approximately 2 hours at the assigned treatment facility, Independence House east, Aurora, Colorado, trying to provide a monitored urine sample.  He told staff that he was "too nervous", and he also claimed that he was taking a medication (Suboxone) that made it difficult to urinate.  At one point he asked staff if he could urinate unsupervised, which was denied.  The defendant left the facility without providing a monitored sample.

**6)      FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED:**

On December 7, 2014, the defendant failed to comply with drug testing at Independence House East, the drug program in which the probation officer directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 7, 2014, , the defendant spent approximately 1.5 hours at the assigned treatment facility, Independence House East, Aurora, Colorado, trying to provide a monitored urine sample.  At one point he told staff that he needed to "step outside for a minute," at which time he left the facility without providing a monitored sample.

Afterwards, the defendant told this probation officer that he had been intentionally delaying taking his medication until he knew if he was scheduled to provide a urinalysis, because the medication made it difficult to urinate.  He claimed that he did not realize that urinalyses were collected on weekends, and when he learned that he had to provide a urine sample on the aforementioned Sunday, it was too late because he had already taken his medication that morning.  I researched the defendant's drug test history and discovered that he had provided urine samples on some previous weekends, rendering this statement untrue.

**7)     FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED:**

On December 10, 2014, the defendant failed to comply with drug testing at Independence House East, the drug  program in which the probation officer directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 10, 2014, the defendant failed to report to the assigned treatment facility, Independence House East, Aurora, Colorado, for testing.  He claimed that he called the daily recorded line but didn't hear his assigned code for that day; however, I verified that his code was properly recorded that day.

**8)     FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED:**

On December 10, 2014, the defendant failed to comply with a medication management appointment at Independence House East, the drug  program in which the probation officer directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 10, 2014, the defendant failed to report for his schedule appointment with the registered nurse at the assigned treatment facility, Independence House East, Aurora, Colorado, to reassess his medication needs.  He did not provide any reason for missing this appointment.

**9)     FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE:**

On December 19, 2014, the defendant moved from his residence at 3396 South Telluride Street, in Aurora, Colorado, and failed to notify the probation officer of this change within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 22, 2014, the defendant's girlfriend, Ashley Green, advised this probation officer that she kicked the defendant out of her apartment on December 19, 2014, as he had become increasingly difficult to be around.  She does not know where he is staying.  The defendant has since failed to advise me of his current whereabouts, and I have subsequently tried to contact him with no success.

**10)     POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On December 22, 2014, the defendant admitted that he had used or administered a controlled substance, specifically marijuana, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 22, 2014, the defendant texted this probation officer from his cellular phone to advise that he had "messed up" and "smoked some tree" (slang for marijuana).  I have subsequently tried to contact the defendant with no success.

**11)**   **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT:**

On November 29, 2014, the defendant self-terminated his employment with Romano's Macaroni Grill, 7979 East Arapahoe Road, Greenwood Village, Colorado, and he failed to notify the probation officer of this fact within 72 hours, or 10 days prior to the change, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 22, 2014, after being advised that the defendant had failed to notify this probation officer that he had changed residences, and report his current whereabouts, I called his manager at Romano's Macaroni Grill.  His manager informed me that the defendant had walked off the job the Saturday following the Thanksgiving day holiday and was no longer employed there.  The defendant has failed to inform me of this fact.