IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  13-cr-00109-MSK

UNITED STATES OF AMERICA

      Plaintiff,

v.

GEORGE EDWARD CLARK

      Defendant.

---

## ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on January 15, 2015. Present were the following: Martha Paluch, Assistant United States Attorney, David Johnson, counsel for the defendant, and the defendant. The Court carefully considered the entire court file, the information presented during the hearing, and the arguments of counsel.

The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance at future proceedings, based upon the attached findings.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 16th  day of January, 2015.

By the Court:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

United States v.  George Edward Clark
Case Number 13-cr-00109-MSK

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
## FOR ORDER OF DETENTION

This matter comes before the court on a Second Supplemental Petition for Issuance of Warrant Due to Violations of Supervised Release.  The Petition alleges that on October 11, 2011, the defendant was placed on supervision by the Honorable Dale A. Kimball, sitting in the District of Utah, with standard conditions and the special condition that the defendant submit to drug/alcohol testing and participate in a program for substance abuse evaluation and/or treatment.  It was further required that the defendant not consume any alcohol or frequent any establishments where alcohol is the primary item of order.  The court also required the defendant to participate in a program of mental health treatment.  On March 21, 2013, jurisdiction over this matter was transferred to the District of Colorado.

On July 9, 2013, the district court revoked the defendant's supervised release and sentenced him to 18 months imprisonment to be followed by 18 months supervised release.  In addition to the prior special conditions, the defendant was required to reside in a residential reentry facility for a period of six months.  On November 6, 2014, the defendant admitted to four violations of supervised release and the district court ordered that supervised release continue for a period of four months with sentencing on those violations set for February 23, 2015.

During a hearing on January 15, 2015, the defendant waived his right to a preliminary hearing under Rule 32.1 of the Federal of Criminal Procedure.  Based upon the facts alleged in the Second Supplemental Petition and in light of the defendant's waiver, the court finds probable cause to believe that the defendant violated one or more conditions of his release. During

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]."

In making my findings of fact, I have taken judicial notice of the information set forth in the Second Supplemental Petition and the entire court file, and have carefully considered the information and arguments proffered by the parties during the detention hearing.  Weighing all of the information presently before the court, I find the defendant failed to sustain his burden of persuasion under Rule 32.1.  The Second Supplemental Petition specifically alleges that the defendant failed to participate in required substance abuse testing on November 17, and December 7 and 10, 2014.  On the latter occasion, the defendant also failed to participate in required substance abuse treatment.  On November 29, 2014, the defendant self-terminated his employment without properly notifying his supervising officer and moved from his residence on December 19, 2014 without providing the required notification.  On December 22, 2014, the defendant possessed and used a controlled substance (marijuana).  Finally, the court was advised

during the hearing on January 15 that the defendant also possessed and used heroin after leaving the District of Colorado.  Given the defendant's apparent unwillingness or inability to comply with existing conditions of supervision, I find there is no combination of conditions that I could set that would properly assure his appearance at further proceedings in this case.